# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALDORA MONDRAGON, o/b/o ) | |
| K.K.M., a minor, ) | |
| ) | |
|      **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-13-464-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
|      **Defendant.** ) | |

## OPINION AND ORDER

The claimant Aldora Mondragon requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits for her son K.K.M. under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that K.K.M. was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 according to the Social Security Act is defined as a medically determinable physical or mental impairment that causes marked and severe functional limitations that can be expected to cause death or that have lasted or can be expected to last for a continuous period of not less than twelve months. 20

C.F.R. § 416.906.  Social Security Regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries:  first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied.  *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The term substantial evidence means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whether the record detracts from its

---

[1] Step one requires claimant establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976.  Step two requires claimant establish he has a severe impairment or combination of impairments.  If claimant is engaged in substantial gainful activity or is found not to have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, he is considered not disabled.  At step three, claimant's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments that meet or medically equal the requirements of the listing or that functionally equal the listing and meet the duration requirement will be found disabled.  See 20 C.F.R. § 416.924(a)-(d)(2).

weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

**Background and Procedural History**

K.K.M. was born on July 18, 2000, and was eleven years old at the time of the administrative hearing (Tr. 30, 105). The claimant alleges K.K.M. was disabled from birth, due to attention deficit hyperactivity disorder (ADHD). The claimant filed an application for supplemental security income benefits under Title XVI (42 U.S.C. § 1381 *et seq.*) on September 24, 2010, which was denied. After a hearing on June 28, 2012, ALJ Richard J. Kallsnick found K.K.M. was not disabled in a decision dated July 16, 2012 (Tr. 10-16). The Appeals Council denied review, so the ALJ's findings represent the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He determined K.K.M. had the medically determinable impairment of ADHD, but that it was not a severe impairment (Tr. 13). The ALJ concluded that K.K.M. was therefore not disabled (Tr. 16).

**Review**

The claimant contends that the ALJ erred: (i) by failing to find that his ADHD meets the *de minimis* standard for a severe impairment and (ii) by failing to properly assess the credibility of the claimant's mother. The Court agrees with the claimant's first contention, and the case must be reversed and remanded.

The evidence in the record reveals that K.K.M. was placed on an IEP in elementary school. Prior to his diagnosis in 2008, his teachers noted that he had problems following classroom rules, being distracted, and completing assignments (Tr. 153). His IEP accommodations included, *inter alia*, reduction of reading material, extended time limits for oral responses, as well as testing accommodations including: extended time limits, limited writing, open book tests, use of calculator and/or math fact sheets, provide word bank to fill-in-the-blank questions, read test orally, and reduce the length of the exam, in addition to a number of other accommodations (Tr. 175). On November 28, 2010, his special education teacher for the Fifth Grade completed a Teacher Questionnaire, noting that he did very well in school, that math gave him the most trouble, and that when he is on his medications, his behavior was "just fine" (Tr. 130-137). She had another good report on March 25, 2011 (Tr. 184-191).

K.K.M. was generally treated at the Okmulgee Indian Healthcare Center, and he was prescribed ADHD medications through them (Tr. 245, 253-263, 277-283, 288-296). In July 2011, he was assessed at George Nigh Rehabilitation center for gross motor and fine motor delays (Tr. 270). Upon evaluation, he was found to have delays in fine motor skills and that his gross motor skills required further assessment. Under the heading "medical necessity," the evaluator stated that he needed skilled services by occupational therapy to treat delays in fine motor skills and gross motor skills affecting his ability to be independent with age appropriate ADLs (Tr. 271). At age ten, he was testing at the level of a five or six-year-old for balance and coordination, and his fine motor/visual motor skills resulting in an age equivalency of six years two months (Tr. 270-271). In March

2012, the claimant was discharged from occupational therapy due to staff going on maternity leave, but they recommended continued therapy once staff became available again. At that time, he had improved only to an age equivalency of six years, six months for fine motor/visual motor skills, and his visual perception had risen to an age equivalency of a nine year old (Tr. 284). He returned for further occupational therapy on June 21, 2012, and evaluations revealed that he was referred for further school-based occupational therapy services, as well as provided with a home program. His motor integration scores resulted in a seven-year-old age equivalency (Tr. 297-298).

The claimant first argues that the ALJ erred at step two of the sequential analysis by failing to find his ADHD to be a severe impairment. A claimant has the burden of proof at step two to show that he has an impairment severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden at step two is a *de minimus* showing of impairment. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751. A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352.

In this regard, the ALJ found that the claimant's medically determinable impairment did not significantly limit his ability to perform basic work-related activities. The ALJ reviewed all the evidence and found that the claimant's medically determinable impairment of ADHD was well-controlled with the proper dosage of medication (Tr. 16.). He noted the claimant's occupational therapy notes, and continued treatment due to his persistent delays, but discounted his ADHD, occupational therapy, and placement in special education as mild. The Court finds, however, that this meets the claimant's *de minimus* burden of showing an impairment or combination of impairments at step two. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("The evidence . . . showed that she . . . had a consultation with a rheumatologist, Dr. Booth, for purposes of evaluating arthritis. He found that she had some osteoarthritis of the knees. He noted pain in her other joints but could not definitively assign an etiology to the pain at that time. Thus, under a *de minimus* standard, the ALJ's finding that arthritis was not a medically determinable impairment appears to be unsupported by substantial evidence.") [citations omitted]. *See also* 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."); *Langley v. Barnhart*, 373 F.3d at 1123-1124 ("At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'"), *quoting* 20 C.F.R. § 404.1523.

Because the claimant met her burden of showing K.K.M. had a severe impairment at step two, the decision of the Commissioner should be reversed and the case remanded

for further analysis. Upon remand, the ALJ should evaluate the claimant's impairments, singly and in combination, in accordance with § 416.920a(c)(3).

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 17th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**